so you may begin when you're ready. May it please the Court and opposing counsel, I am Lisa Rasmussen, and I am here on behalf of John Farnum, the appellant. I would like to reserve two minutes of my time, and I will keep an eye on the clock and do my best. Okay, I'll try to remind you. Okay, so are you ready for me to start? Yes. Okay, I suspect you might want me to address the issues you asked us to brief in the supplement, so I'm going to start with that, and then I'll go into the other things I wanted to The Nevada Supreme Court never addressed the issue of the Miller hearing. It just, it simply didn't. There was the first appeal of the state post-conviction petition that was filed. The Nevada Supreme Court didn't address it at all, but it was clearly raised there. Instead, what they did was they remanded for evidentiary hearing on two issues without addressing the They just decide they need an evidentiary hearing and then don't address the other issues. Then the evidentiary hearing ensued, and then there was a second appeal done on that, and in that second appeal, post-conviction counsel at the state court to the Nevada Supreme Court again raised the issue of the Miller hearing, even though it had not been the subject of And so then, the Nevada Supreme Court the second time said, we're not addressing that because that's not what we remanded for. So essentially, it remains an unaddressed issue by the Nevada Supreme Court. If I can jump in real fast, if that's the case, if the state courts have never resolved this issue, and I think you would agree that the district court, the federal district court here also did not address the Miller hearing as to AR. I don't see how we can hear. I'm not saying you necessarily lose it. I'm just saying I'm not sure this is the right place to decide it because we're reviewing what a state court did, and as you've just said, they haven't done anything. Am I wrong there? I actually don't think you're wrong in all candor. I thought about that, and I thought about how this ties into the relief I would ask you for. And that was one of the things I've been contemplating because I agree with you, the district court, the federal district court did not address the issue either with regard to AR. So I think one of the things that this court could do is remand to the district court with instruction for it to take action from there. I mean, it has, I understand the problem here, but it's also out of the petitioner or the appellate's control because he doesn't, can't control what the Nevada Supreme Court enters in its orders and in its rulings. Could he point out to them by way of some motion for reconsideration or petition for rehearing that there is an unaddressed issue? Yes, I think that the federal district court could make an order that... Could the petitioner do that, and could petitioner have done that? I don't think the petitioner could have done it. What petitioner did was seek... Remember, this came to you with no certificate of appealability. I sought the certificate of appealability on these issues with this court. This court granted it. We briefed it. You asked for supplemental briefing on the questions. I don't... I mean, this is not an uncommon problem. So the Nevada Supreme Court often doesn't rule on all of the issues. It sometimes will have a conclusory sentence of we deny the other issues and find them without merit. But in this case, it didn't because of the way it happened procedurally. So I don't know what... Let me clarify what I'm getting at. The question I asked is whether petitioner could have raised that problem to the Nevada Supreme Court. There's an issue teed up that you haven't ruled upon. And if he could have and didn't, is there a question of whether he's waived the opportunity to do that? Well, I don't think that that would... I don't know of any case law that requires us to do it. I certainly, after having this hearing, would probably do it in the future. What I'm trying to, I think, explain as a practitioner in this state for 22, 23 years is that this is not an uncommon issue. Oftentimes, we seek rehearing on something that they have ruled on. I don't know. I wasn't counsel at the time, so I don't know what counsel contemplated. And that's the most candid answer I can give. If you could re-seek hearing on something they did rule upon, it would logically seem to follow that you could seek rehearing on an issue that had not been ruled upon, file something to the court that says, by the way, Your Honors, this issue was presented to you and has not been ruled upon. And so I'm going to infer the answer to that question is yes and move to my next question, which is, does that pose a problem of waiver for your client? Well, Judge Clifton, with all due respect, I'm not really conceding, and I'm not willing to concede that there is yet another hurdle in federal habeas litigation that the court is suggesting that a petitioner or an inmate needs to jump through. So it's not a new hurdle because the exhaustion requirement is clearly there, and you seem to be acknowledging in response to Judge Owen's question that there sounds like there is an exhaustion problem with this issue. And I understand the proposed remedy would be, presumably, as the district court has done before, to put the case on hold until that particular issue can be exhausted. Is that what you're seeking? Well, I'd be seeking more of a remand to the district court directing them to remand it to the state court for the state trial court or the Nevada Supreme Court to rule on the issue. That would be more along the line of what I'm seeking, because the problem— Is there an authority that gives the district court the power to remand as opposed to stay and permit the petitioner to go back to state court? Well, the problem I see, Judge Clifton, with remanding to state court to address the issue is that it was already raised. This is the problem I'm having, I think, with the questions, is the petitioner did everything to raise it consistently in both appeals, even in the second appeal. Well, he didn't do everything. He did not go back to the court and say, there is this question not yet ruled upon. The question I posed was, does that constitute a waiver? You've never responded to that. I accede to that fact. But procedurally, I'm not sure what it is you seek. I don't think the district court can, quote, remand, close quote, to state court with directions to tell the state court what to do. The federal court doesn't have that power. I think that the federal court can ask the Nevada Supreme Court to address the issue. Whether the Nevada Supreme Court will do it or not, I think that they can ask. I don't think that the petitioner waived his rights because he consistently raised the issue. And that is my position on that. I see that I'm getting close to the end of my time, or that I'm getting down to two minutes, and I did want to reserve some time. So I'd like to just reserve the remainder of my time at this point. All right. Ms. Lopez, when you're ready. Yes, Your Honor. May it please the court, my name is Katrina Lopez, and I'm appearing on behalf of respondents. In response to counsel's arguments, respondents want to start with the difference as to how counsel can attack credibility under Nevada law. When dealing with cooperating witnesses, counsel can cross-examine the cooperating witness about previous statements that they've made. If the cooperating witness denies making such statements, counsel cannot then use extrinsic evidence of specific instances of misconduct to attack their credibility. Now, with complaining witnesses, trial counsel can file a pre-trial motion and request a hearing under Miller prior to the complaining witness taking the stand. And during that hearing, trial counsel must establish that accusations were made, that the accusations were indeed false, and that their probative value is not unweighed by prejudice. And once the complaining witness takes the stand, trial counsel then can cross-examine the complaining witness about the prior false sexual assault allegation. And if that complaining witness denies making the statement, then counsel can present the extrinsic evidence to attack the complaining witness's credibility. Now, with the second certified issue that trial counsel was ineffective for choosing not to request a Miller hearing to discredit AR, that issue is waived both under Bracken and Walsh because Farnham failed to plead the issue in his second amended petition. And because Farnham failed to plead the issue, respondents were deprived from raising certain procedural defenses such as exhaustion and procedural default in the federal district court. And as a result, respondents argued in their answering brief that Farnham's claim is not cognizable under Cacoperdo. Now, Cacoperdo differs from Bracken and Walsh because Bracken and Walsh pertains to ordinary civil cases in a habeas, and with Cacoperdo, that deals with a habeas case with a specific pleading requirement that does not exist in ordinary civil matters. Now, not only is Farnham's second certified issue waived, but it's unexhausted because Farnham did not fairly present this issue in the state court. Specifically regarding Farnham's state habeas petition and his opening brief on habeas appeal, he did not mention anything about AR making false statements about being priorly sexually abused. Now, Farnham mentioned the Miller hearing for the first time in his reply briefs on habeas appeal, but only in relation to statements made by Monica and not AR. And whether counsel was ineffective with respect to seeking admission of these prior statements from Monica and AR, those are distinct allegations of deficient performance that must be individually exhausted under GoBrandonson. And additionally, Farnham also conceded in his opening brief in this court that he did not properly present the issues before the Nevada state courts. Now, this claim remains unexhausted unless Farnham concedes that he cannot meet Nevada's exceptions to the procedural bars. And as a result, respondents could not have waived the procedural default defense because counsel did not present it. And if this court concludes that Farnham has not waived this claim, respondents request that this court apply the applicable procedural default as a matter of comity under Boyd. Now, with respect to trial counsel's other claim that counsel was ineffective for not calling certain defense witnesses, again, that was only in relation to Monica's prior accusation. And the Nevada Supreme Court determined that trial counsel's performance was not objectively unreasonable because the Nevada Supreme Court determined that counsel highlighted the inconsistencies in Monica's statement. Trial counsel highlighted that Monica did not go to law enforcement in 1999 when AR disclosed that she was sexually abused. And then a year later, when Monica caught AR inserting a crayon in her vagina, again, Monica took her daughter to the hospital, but she did not follow up on that investigation. It was not until the third incident with KS that KS's mother reported the sexual abuse and not Monica. And based on those facts, the Nevada Supreme Court determined that trial counsel was not deficient for choosing not to present witnesses that had credibility issues whose testimony would have been inadmissible or use witnesses that would have distracted the jury. If I could, I'd like to go back to your argument with regard to procedural default. Is there any decision by a Nevada court that seems to reflect a dismissal of what I'll for simplicity call the Miller claim based on Nevada procedural requirements? And let me just be candid here. Part of my problem with this case is that Miller kind of lurks out there. It gets mentioned a few times. It never becomes the focus of any of the court decisions as best I can tell. It's not discussed by the district court. It doesn't seem to be discussed by the Nevada Supreme Court. And so I understand an argument that says it was never exhausted. But I'm not sure I understand the argument with regard to procedural default. What is it you contend is the procedural default and has a Nevada court ever spoken to that? Well, Your Honor, the Miller issue wasn't highlighted because it wasn't properly presented. In State v. Bennett, it specifically states that a petitioner cannot raise the issue for the first time in the reply brief for the purposes of proper presentation. That argument I understand and will entertain. But what I'm trying to figure out, and you talk about it in your brief, I confess I didn't really understand it there either. You've talked about it today. Has a Nevada court ever said this issue is defaulted? In the context of this case, no, it is not stated in the order, Your Honor, that it's procedurally defaulted. However, respondents are not in a position to assume that the Nevada Supreme Court would deviate from their procedure when it comes to raising issues in the state court a second time. And even though Farnham did raise the issue with the Miller hearing in the reply brief, which is not the proper presentation rule, it was only in regards to Monica's statement. And this entire case, Your Honor, is about Monica's suspicions and beliefs. Farnham presented no evidence, Your Honor, that AR directly made statements accusing other individuals of sexually abusing her. Specifically, Farnham's father, Farnham's mother, Farnham's stepfather, his ex-girlfriend Colleen, Ava, Lynn, Eliza, Shirley. None of these witnesses, and even Billy Farnham, Farnham's brother, none of these witnesses stated that AR made statements from her own mouth stating that she was sexually abused by other men. And additionally, Your Honor, Farnham's not prejudiced because there's overwhelming independent evidence establishing that AR was sexually abused by Farnham. There was testimony from AR's brother stating that Farnham would have AR in the bathroom and in the laundry room alone, unattended, and when he would knock on the door, nobody would answer and no one would let him in. Then there was testimony from KS. And she testified that Farnham lured her and AR into a bedroom and Farnham asked KS if he could show her something and to keep it a secret. And at that point, Farnham had AR touch him in his private area over his clothing. But the key component, Your Honor, is that Farnham then said that AR usually touches him in the same private area underneath his clothing, which establishes, Your Honor, that this was not an isolated occurrence, that this is common sexual activity that occurred between Farnham and AR. And due to this overwhelming evidence, Your Honor, Farnham is not prejudiced. Now, if there are no further questions, Mr. Connors, ask. I have one, Ms. Lopez, real fast. I appreciate the arguments you're making today. It seems to me that none of these arguments or issues were really raised in the district court, in federal district court. Is that correct? Yes, Your Honor. Okay. Thank you. Yes, Your Honor. And as you stated, Your Honor, Farnham has to develop the claims in state court. He did not do that. He did not present the issues within the state court. He did not present the issues in the federal district court. He waited until he filed his opening brief. But even though that occurred, that does not change the fact that he's failed to establish deficient performance or prejudice in regards to Monica or in regards to AR. And Respondents Act that this court affirmed the federal district court holding. Thank you. All right. Thank you very much, counsel. Ms. Mathewson, you have a little over two minutes for rebuttal. Thank you, Judgment. Okay. I want to go back to some things that the state just represented. It is not accurate that this issue was not raised until a reply brief. It could have been better presented, yes, but basically what was briefed in the opening state appeal was that counsel failed to file the appropriate motion. Miller is the only avenue for that in the state of Nevada. A Miller motion is the appropriate motion. And that was briefed. It wasn't raised for the first time in a reply. It was also briefed in the district court and presented to the federal district court. This court could grant relief on the first claim, on the ineffective assistance of counsel, because despite Ms. Lopez's attestations, there was, this was well briefed. There was no evidence that witnesses would have testified as to A.R.'s prior sexualization. Almost all of the ones that I read talk about Monica. And Monica's credibility can certainly be questioned. But I really didn't see that much pertaining to A.R. Which witnesses would you highlight? Kim Edwards testified that the defendant, to her knowledge, was never alone with Alana. That Alana was always. But Kim Edwards was with them what percentage of the time? I don't know the answer. She lived there for a few months over a period of years. So, okay. But that's not very powerful. Lisa Farnham. Robert Farnham, the father, who was previously accused of also molesting A.R. Billy Farnham, the brother. I wouldn't suggest a laundry list, because I looked at the laundry list, and I didn't see many having to do with A.R. So tell me somebody I should really look at. Shirley Grimsley. Okay. Eva Rowley. And I think that Kim Edwards. But I don't, you know, I'm not suggesting just looking at two of them. I think it's the totality on the IAC claim that is important here. So I would ask that the court at least grant or send it back to the district court to either grant the petition on the first certified issue, or send it back to the district court for further action, as we've been kind of bantering about here on the second issue. This is a serious case. Mr. Farnham is serving a 32-life sentence. It is clear here that counsel was ineffective at trial. Thank you. And I realize I've gone over. I apologize. No problem. Thank you, counsel, for both sides for your argument today. The matter is submitted. Thank you.
judges: CLIFTON, NGUYEN, OWENS